IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joseph L. SOMMERS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Joseph L. SOMMERS, Respondent.

Supreme Court

*No. 2006AP2851–D. Oral argument December 16, 2008.
—Decided February 16, 2009.*

2009 WI 17

(Also reported in 761 N.W.2d 1.)

1

For the complainant-appellant there were briefs by *Thomas J. Basting, Sr.,* special counsel for the *Office of Lawyer Regulation,* and *Julie M. Falk* and the *Office of Lawyer Regulation,* Madison, and oral argument by *Thomas J. Basting, Sr.*

For the respondent-respondent there was a brief by *Joseph L. Sommers,* Oregon, and oral argument by *Joseph L. Sommers.*

The Court entered the following order on this date:

On June 16, 2008, this court granted the Office of Lawyer Regulation's (OLR) request for leave to appeal a non-final order issued by Referee Stanley Hack in this pending attorney disciplinary matter. The OLR asked this court to resolve the following issue:

> Can a referee in a disciplinary proceeding order the OLR to provide him with full access to OLR's internal files or should access be denied pursuant to SCR 22.40, privilege and the work product doctrine?

We conclude that under the facts presented to this court, the referee's order is overbroad. We therefore quash the order and remand the matter to the referee for further proceedings.

On November 17, 2006, the OLR filed a complaint alleging Attorney Sommers committed three counts of professional misconduct in connection with the matter of *State v. Raisbeck.* Attorney Sommers represented the

defendant, Adam Raisbeck, who was charged—and subsequently acquitted—of negligent homicide by operation of a motor vehicle. The state was initially represented by Assistant District Attorney Paul M. Humphrey. Disciplinary charges were subsequently filed against Attorney Humphrey[1] as well. Both disciplinary matters are still pending. Attorney Sommers filed an answer refuting the allegations of misconduct. He also filed a counterclaim challenging the OLR's handling of his disciplinary matter and the matter of *OLR v. Humphrey*.

On February 29, 2008, the referee dismissed Attorney Sommers' counterclaim but ruled that Attorney Sommers could present the substance of his arguments regarding alleged OLR misconduct as an affirmative defense. Although the parties dispute some of the specifics and the exact resolution of various motions, it is undisputed that Attorney Sommers proceeded to conduct depositions of the OLR director and OLR staff members and requested the OLR produce its investigative files. OLR declined to produce its files. An oral request for the files was made before the referee, and the referee directed the parties to brief whether the OLR's investigative files are confidential. Following submission of written briefs, the referee issued an order on May 14, 2008, directing the OLR permit him to conduct an in camera review of the OLR's investigative files. That order provides, in relevant part, as follows:

> The referee determined that he should have an in camera review of the files prior to any decision being made on the Respondent's motion because, among other matters, that there is some confusion as to whether all of the Respondent's filings with OLR prior

---

[1] *OLR v. Humphrey*, 2006AP2842–D.

3

to the complaint were contained in his file (vs. the related Paul Humphrey file), whether these materials were turned over to the Preliminary Review Committee, what was considered in connection with the complaint and some issues in connection with the last counts of the complaint. . . .

IT IS ORDERED that the Referee have immediate access in camera to the investigation files of the OLR in this matter.

The OLR sought and was granted leave to appeal this order.[2] Oral argument was conducted on December 16, 2008.

The OLR advances three primary arguments in support of its assertion that a referee is not empowered to order the OLR to provide a referee with full access to OLR's internal files. The OLR asserts that: (1) SCR 22.40 (Confidentiality) precludes disclosure of the OLR's internal files; (2) Attorney Sommers failed to conduct discovery in accordance with governing procedural rules; and (3) work product and privilege preclude such disclosure.

SCR 22.40(1) provides:    Confidentiality.

Prior to the filing of a misconduct complaint, medical incapacity petition, or petition for temporary license suspension, all papers, files, transcripts, and

---

[2] On May 28, 2008, the OLR filed two documents: (1) Petition for Leave to Appeal Order of Referee, and (2) Petition for Supervisory Writ, *OLR v. Stanley Hack.* The OLR explained that these documents were alternative procedural vehicles. This court granted the request for leave to appeal a non-final order and dismissed the writ. Attorney Sommers then filed his own request for leave to appeal, asking the court to take review of the question whether he may advance a counterclaim in a pending OLR prosecution. The court denied this request for leave to appeal.

communications in any matter involving the office of lawyer regulation are to be held in confidence by the director and staff of the office of lawyer regulation, the members of the district committees, special investigators, the members of the special preliminary review panel, and the members of the preliminary review committee. *Following the filing of a complaint or petition, the proceeding and all papers filed in it are public, except where expressly provided otherwise in this chapter or by law.*

(Emphasis added). We are not persuaded by Attorney Sommers' argument that the word "proceeding" in SCR 22.40 means that upon the filing of a public complaint *all* documents prepared, gathered, or otherwise a part of the "proceeding," including the OLR's investigative files, become public. The OLR correctly asserts that "proceeding" refers to the lawsuit that commences upon the filing of the public complaint. SCR 22.11(1). As such, in SCR 22.40 the phrase "all papers filed in it" refers to the documents that are filed in the public attorney disciplinary proceeding.

However, we are similarly not persuaded by the OLR's argument that all of its files are per se confidential or privileged or otherwise immune from disclosure in an OLR proceeding. We can envision circumstances in which it might be appropriate for a referee to conduct an in camera review of evidence in the possession of the OLR. The difficulty here is that typically, when an in camera review is conducted by a court, the focus is highly specific. Here, by contrast, the referee's order directs the OLR to provide him with full access to "the investigation files of the OLR in this matter."

The May 14 order is extremely broad in its potential scope. Indeed, it appears that it may encompass not only the investigative files pertaining to Attorney Som-

mers but also the investigative files pertaining to Attorney Paul Humphrey, the respondent in a separate, albeit factually-related, proceeding.

It is apparent from the record, the referee's order, and Attorney Sommers' arguments to the court that Attorney Sommers questions whether the OLR provided the Preliminary Review Committee (PRC) with all relevant evidence related to the allegations of misconduct against him and against Attorney Humphrey. Much of the evidence in question appears to be documentary evidence that Attorney Sommers *himself* provided to the OLR. *See* Sommers brief at 6–7, 10. Attorney Sommers wishes to know if the PRC was provided with this material. He notes that SCR 22.06(1) provides that "[t]he director shall submit investigative reports, including all relevant exculpatory and inculpatory information obtained and appendices and exhibits, if any, pursuant to SCR 22.05(1)(d) to the chairperson of the preliminary review committee." As the referee's order implies, there is also some concern that certain documents may have been misfiled in the *Humphrey* file. Attorney Sommers also suggests that the OLR may have intentionally or negligently failed to include certain documents or evidence in the materials submitted to the PRC, particularly pertaining to the third count of the complaint against him. Essentially, he argues that he has the right not to be accused in bad faith, that a failure by the OLR to have complied with SCR 22.06 would evidence bad faith, and that only by reviewing the OLR's files can he assess the state of the record evidence the PRC used to determine cause to proceed.

However, it does not appear that a specific, narrowly-tailored written discovery request was made for a copy of the documents the OLR provided to the PRC. SCR 22.16(1) provides that proceedings before a

referee shall follow the rules of civil procedure. While we recognize that discovery in disciplinary matters may be conducted more informally than in circuit court proceedings, here, it appears that Attorney Sommers did not file any formal written motions or discovery requests requesting access to the OLR investigative files. It appears that the respondent's discovery demands were often delivered orally rather than committed to writing. We cannot know, and we decline to speculate how the OLR would have responded to specific discovery requests. However, we are simply not persuaded that the referee should have unfettered access to the OLR's files in this matter to search for documents that might have been obtained though normal discovery practices.

Our decision to quash the referee's order in this highly fact-specific matter is bolstered by the fact that it appears the disciplinary record contains the documentary evidence Attorney Sommers asserts he provided to the OLR and which he believes should exonerate him from the charges of the disciplinary complaint. The referee may factor this evidence into his consideration of whether the OLR has sustained its burden of proof with respect to the charges filed against Attorney Sommers in the disciplinary complaint.

IT IS ORDERED that the referee's order dated May 14, 2008, is quashed. The matter is remanded to the referee for further proceedings.

Annette Kingsland Ziegler, J., and Michael J. Gableman, J., did not participate.